UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN J. VARGAS,<br><br>                    Plaintiff,<br><br>        v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>                    Defendants. | Case No. 1:26-cv-03073-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 8)<br><br>THIRTY (30) DAY DEADLINE<br><br>ORDER TO ASSIGN A DISTRICT JUDGE |

Plaintiff Juan J. Vargas is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). In his complaint filed on April 22, 2026, Plaintiff sues Kern Valley State Prison (KVSP) and a KVSP prisoner, alleging failure-to-protect, denial-of-medical-care, and negligence claims. (ECF No. 1).

On April 28, 2026, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 8). The Court gave Plaintiff thirty days to file a first amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 10). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

The deadline to respond to the screening order has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons

1

given below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may screen the complaint on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff sues KVSP and KVSP prisoner Andres Vizcarra. (ECF No. 1, p. 2). He alleges

---

[1] For readability, minor alterations, like omitting capitalization, have been made to some of Plaintiff's quotations without indicating each change.

2

three claims.

In his first claim, Plaintiff states that he was beaten by his cellmate[2] for two days "without staff doing their job and making sure [he] was well and safe." (*Id.* at 3). This beating resulted in Plaintiff being unable to see and fractures to his spine.

In his second claim, Plaintiff states that he "was in the infirmary for three months and . . . made . . . a speedy recovery and [he still is] in very bad back pain." (*Id.* at 4).

In his third claim, Plaintiff states that KVSP was negligent by failing "to make sure [he] was safe under their care."[3] (*Id.* at 5). And in the relief section of the complaint, Plaintiff states that he "would like to sue [KVSP] for their negligence to keep [him] safe while in their custody." (*Id.* at 6).

## III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.   Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

---

[2] Plaintiff does not explain Defendant Vizcarra's role in violating his constitutional rights, but, from context, the Court assumes that Defendant Vizcarra is the cellmate that allegedly assaulted Plaintiff.

[3] The Court notes that Plaintiff's complaint checks "Yes" on the portions of the complaint form regarding whether he exhausted his administrative remedies. (ECF No. 1, p. 5). However, Plaintiff also states that he is "still waiting on a reply." (*Id.*). While the Court will not address this issue now, Plaintiff's complaint may be subject to dismissal for lack of exhaustion of administrative remedies.

color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.    Failure to Protect

Plaintiff brings an Eighth Amendment claim based on an alleged failure to protect him.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . .." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). Among other things, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 834 (citation and quotation marks omitted). To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately

indifferent to a sufficiently serious threat to the prisoner's safety. *Id.* at 837.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847). "[I]n order to satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1076 (9th Cir. 2013).

Plaintiff's complaint fails to state a claim under these legal standards. Although Plaintiff alleges that he was assaulted in prison, Plaintiff fails to allege facts showing that any individual person acted with deliberate indifference to his safety because he or she knew of an excessive risk to his safety and disregarded that risk by failing to take reasonable measures to abate it. Rather, Plaintiff only alleges that unidentified "staff" did not do "their job and mak[e] sure [he] was well and safe." (ECF No. 1, p. 3).

Accordingly, Plaintiff fails to state a claim that any prison official violated Plaintiff's constitutional rights by failing to protect him from being assaulted by his cellmate.

### C.     Medical Needs

Plaintiff brings an Eighth Amendment claim for deliberate indifference to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer*, 511 U.S. at 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (internal quotation marks and citation omitted).

Plaintiff's complaint fails to state a claim under these legal standards. Plaintiff alleges that he "was in the infirmary for three months and . . . made . . . a speedy recovery" but he still has "very bad back pain." (ECF No. 1, p. 4). Rather than support his claim for deliberate indifference to his serious medical needs, these allegations suggest that Plaintiff received

adequate medical care—*i.e.*, that he was cared for in the infirmary for three months, allowing him to quickly recover. And to the extent that Plaintiff alleges that he is currently not receiving any medical care for his back pain, he fails to allege facts showing that any prison official acted with deliberate indifference by being aware of his medical needs yet failing to respond to them.

Accordingly, Plaintiff's complaint fails to state a claim that any prison official violated his constitutional rights by being deliberately indifferent to his serious medical needs.

**D.      Improper Defendants**

Plaintiff's complaint is also subject to dismissal because it only names KVSP, rather than any specific person as a defendant. Further, Defendant Vizcarra, a KVSP prisoner, is not a state actor for purposes of § 1983.

First, KVSP is immune from relief because "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"); *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); *Roberts v. Huckleberry*, No. 1:18-CV-01237-SAB (PC), 2019 WL 8195114, at *3 (E.D. Cal. May 20, 2019), *report and recommendation adopted*, 2020 WL 1157689 (E.D. Cal. Mar. 10, 2020) ("Therefore, since Defendant KVSP is a part of the California Department of Corrections and Rehabilitation, a state agency entitled to Eleventh Amendment immunity, KVSP is immune from suit under the Eleventh Amendment.").

Second, as noted above, § 1983 prohibits "persons" from violating another's Federal rights. However, "[s]tate agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *see Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983.").

Accordingly, KVSP is not a "person" subject to sue under § 1983. *See Green v. California*, No. 2:23-CV-2243 KJM SCR P, 2025 WL 950519, at \*2 (E.D. Cal. Mar. 28, 2025) (noting that High Desert State Prison "is a state defendant that cannot be sued under § 1983" because it is not a "person").

Lastly, as to Defendant Vizcarra, a KVSP prisoner, Vizcarra cannot be considered to have acted under color of state law for purposes of § 1983. *See Silva v. Jackson*, No. 1:25-CV-01893-SAB (PC), 2026 WL 115345, at \*2 (E.D. Cal. Jan. 15, 2026), *report and recommendation adopted*, No. 1:25-CV-01893-KES-SAB (PC), 2026 WL 585481 (E.D. Cal. Mar. 2, 2026) ("Courts have consistently rejected attempts by prisoner plaintiffs to sue fellow inmates under § 1983."). "Accordingly, Plaintiff cannot succeed in stating a section 1983 claim against fellow inmate [Vizcarra] in this case as inmates are not state actors." *Id.*

In short, for the reasons explained above, Defendants KVSP and Vizcarra are subject to dismissal as improper defendants for any constitutional claims.

**E.    Negligence**

Plaintiff brings a negligence claim against KVSP under California law for failing "to make sure [he] was safe under their care." (ECF No. 1, p. 5).

As an initial matter, although a federal court may exercise supplemental jurisdiction over state law claims, a court may do so only if the case also includes a federal claim that provides the court with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (noting that § 1367(a)'s "plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it").

Here, as discussed above, the complaint does not allege a cognizable federal claim; accordingly, the Court lacks original federal jurisdiction. Without original federal jurisdiction, the Court does not have supplemental jurisdiction over Plaintiff's state negligence claim.

Ever setting aside this issue, Plaintiff fails to state a claim for negligence.

Under California law, [t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard

(breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages). *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (internal citation and quotation marks omitted).

Here, Plaintiff's summary allegations about KVSP failing "to make sure [he] was safe" fail to establish any of the elements of negligence, *e.g.*, that KVSP breached any duty.

Lastly, California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1243. Here, Plaintiff has failed to allege compliance with California's Government Claims Act.

For all the above reasons, Plaintiff cannot maintain a negligence claim against KVSP.

## IV.    FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order. (ECF No. 8).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . .. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . .." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. (ECF No. 8). This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade, and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, as noted above, Plaintiff has failed to state a claim or respond to the Court's screening order despite being given the relevant legal standards and the opportunity to file an amended complaint. Thus, the lack of any viable claim supports a dismissal with prejudice rather than a lesser sanction. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal with prejudice is appropriate.

## V.       ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District

Judge to this case.

Further, IT IS RECOMMENDED as follows:

1.      This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

2.      The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 17, 2026**                    /s/ *Erica P. Grosj*
                                             UNITED STATES MAGISTRATE JUDGE

11